IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAWN MCPHEETERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-00207-SRB ) |
| THE CHILDREN'S MERCY HOSPITAL, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant The Children's Mercy Hospital's ("Defendant") Motion to Dismiss Count I of Plaintiff's Complaint. (Doc. #8.) For the reasons set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The following allegations are taken from Plaintiff Dawn McPheeters's ("Plaintiff") Amended Complaint (Doc. #3) without further attribution unless otherwise noted. Additional facts relevant to the parties' arguments are set forth in Section III.

Defendant employed Plaintiff as a registered nurse and nurse practitioner in Defendant's Fetal Health Center. Dr. Shilpa Babbar was a physician in Plaintiff's department. In June 2020, Plaintiff allegedly learned that Dr. Babbar "was engaged in unlawful and fraudulent billing practices." (Doc. #3, ¶ 12.) In particular, "Dr. Babbar billed work that Plaintiff had performed as if she (Dr. Babbar) had actually performed the work." (Doc. #3, ¶ 13.) Because Defendant billed Dr. Babbar's work at a higher rate, this billing allegedly "caused Defendant to overbill patients and their insurers for certain services that were in fact performed by Plaintiff." (Doc. #3, ¶ 15.) Plaintiff alleges that a portion of Defendant's overbilling was unlawfully "billed to federal government programs, including Medicaid." (Doc. #3, ¶ 16.)

Plaintiff reported Dr. Babbar's alleged unlawful billing practices to Melanie Foltz ("Foltz"), Defendant's Director of the Fetal Health Center.[1] At that time, Foltz allegedly did not take any action in response to Plaintiff's report. Plaintiff then made a similar report to Raimonda King ("King"), who oversaw a facility where Plaintiff worked on a contract basis for Defendant. King allegedly "recognized the seriousness of Plaintiff's complaints" and engaged Dr. Timothy Bennett, Plaintiff's collaborating physician and Defendant's Medical Director of the Fetal Health Center. (Doc. #3, ¶ 26.)

At a meeting in early July 2020, Foltz raised Plaintiff's concerns with Dr. Babbar. After the meeting, Foltz told Plaintiff that she tried to keep Plaintiff's name out of the conversation, but that Dr. Babbar likely knew that Plaintiff made the report. Plaintiff alleges that "almost immediately after this July 2020 meeting, Dr. Babbar began retaliating against Plaintiff." (Doc. #3, ¶ 29.) Dr. Babbar allegedly denied Plaintiff's administrative time to complete her notes and other reports, and disparaged Plaintiff's qualifications for a leadership committee.

Plaintiff reported Dr. Babbar's alleged retaliation to Foltz. Foltz scheduled meetings with Plaintiff and Dr. Babbar to discuss the alleged retaliation, but Dr. Babbar refused to attend. Plaintiff alleges she suffered anxiety and depression because of "Dr. Babbar's ongoing retaliation, and [Defendant's] failure to take meaningful action to protect Plaintiff from that retaliation[.]" (Doc. #3, ¶ 34.) Plaintiff ultimately resigned, in part, because of Defendant's alleged failure to protect her from Dr. Babbar's ongoing retaliation.

On March 28, 2022, Plaintiff filed this lawsuit against Defendant. The Amended Complaint asserts four causes of action. The pending motion relates to Count I, which asserts a claim for retaliation in violation of the False Claims Act ("FCA"). *See* 31 U.S.C. § 3730(h)(1).

---

[1] Plaintiff also allegedly reported that Dr. Babbar had engaged in unsafe patient care practices.

Defendant moves to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). Defendant argues the Amended Complaint fails to adequately plead a "critical element . . . that [Defendant] knew that Plaintiff engaged in FCA-protected activity." (Doc. #9, p. 1; Doc. #17, p. 2.) Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

In general, the FCA authorizes a cause of action against an entity that knowingly submits or presents to the federal government a false claim for payment. *See Nowak v. Medtronic, Inc.*, 806 F. Supp. 2d 310, 315 (D. Mass. 2011) (citing 31 U.S.C. § 3729 *et seq.*). A false claim may arise if the underlying conduct had the "purpose and effect of causing the United States to pay out money it is not obligated to pay[.]" *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 677 (8th Cir. 1998).

The FCA also authorizes a cause of action for any employee that "is discharged . . . threatened, harassed, or in any other manner discriminated against . . . because of lawful acts

done by the employee . . . in furtherance of an action under this section or other efforts to stop" an FCA violation. 31 U.S.C. § 3730(h)(1). To state a retaliation claim, a plaintiff must adequately allege the following: "(1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the retaliation was motivated solely by the plaintiff's protected activity." *Strubbe v. Crawford Cnty. Mem. Hosp.*, 915 F.3d 1158, 1166-67 (8th Cir. 2019) (citation and quotation marks omitted).

Here, Defendant contends the Amended Complaint fails to adequately allege the second element—that it knew Plaintiff had engaged in "efforts to stop" an FCA violation. 37 U.S.C. § 3730(h)(1). The knowledge element requires a plaintiff to plead that "the employer had actual or constructive knowledge of the protected activity[.]" *Schuhardt v. Wash. Univ.*, 390 F.3d 563, 568 (8th Cir. 2004). "[T]o provide actual or constructive knowledge, employees must connect the alleged misconduct to fraudulent or illegal activity or the FCA." *Strubbe*, 915 F.3d at 1168.

Defendant argues "[t]he only allegation in the Amended Complaint describing Plaintiff's alleged communications and/or reports to [Defendant] is a vague and general averment that she reported 'unlawful billing practices' to Ms. Foltz." (Doc. #9, pp. 5-6.) Defendant further argues the Amended Complaint "fails to state whether Plaintiff's alleged reports to Ms. Foltz and Ms. King connected her concerns about Dr. Babbar's alleged conduct to fraudulent or illegal activity under the FCA." (Doc. #9, p. 6.) Finally, Defendant contends Plaintiff failed to adequately allege that Dr. Babbar knew she had engaged in protected activity.

Upon review, the Court rejects Defendant's arguments. The Amended Complaint contains several allegations that plausibly allege Defendant had knowledge of Plaintiff's

complaints related to the FCA. Indeed, Defendant's initial brief describes some of these allegations:

> • Plaintiff reported Dr. Babbar's unlawful billing practices . . . to [] Foltz, the Director of the Fetal Health Center at [Defendant].
>
> • Foltz did nothing to address Plaintiff's concerns. Following Foltz's inaction, Plaintiff reported her concerns to [] King, the Administrative Director of the Birth Center & Children's Services at AdventHealth Shawnee Mission, who oversaw the facility where Plaintiff worked on a contract basis for [Defendant].
>
> \*\*\*
>
> • King recognized the seriousness of Plaintiff's complaints, and engaged Dr. [] Bennett, Plaintiff's collaborating physician and the Medical Director of the Fetal Health Center at [Defendant] on the issue.
>
> • At the meeting in early July 2020, Foltz raised Plaintiff's concerns with Dr. Babbar.
>
> • Following this meeting, Foltz told Plaintiff that she had tried to keep Plaintiff's name out of the conversation, but that Dr. Babbar likely knew that Plaintiff was the one who complained.
>
> • Almost immediately after this July 2020 meeting, Dr. Babbar began retaliating against Plaintiff.

(Doc. #9, pp. 2-3) (citing and quoting the Amended Complaint). Plaintiff further alleges that Dr. Babbar refused to attend meetings that were scheduled to address Plaintiff's complaints.

In sum, Plaintiff adequately alleges that she reported Dr. Babbar's alleged unlawful billing practices to Foltz and King, that King enlisted the assistance of Dr. Bennett, and that Dr. Babbar and/or Defendant retaliated against Plaintiff once learning of the accusations. At the motion to dismiss stage, these allegations plausibly allege that Defendant "knew that Plaintiff was engaging in conduct in furtherance of an FCA action or an effort to stop one or more FCA violations and aimed at matters which are calculated, or reasonably could lead, to a viable FCA action." (Doc. #17, pp. 3-4) (quotation marks and citation omitted).

5

Defendant's arguments in support of dismissal suggest a level of specificity that is not required at the motion to dismiss stage.  Plaintiff has alleged that she reported unlawful billing to Foltz, and that (on information and belief) at least some of the overbilling was presented to a federal government program.  That is sufficient at the pleading stage to satisfy the knowledge element.  The Court further agrees with Plaintiff that she has plausibly alleged "Dr. Babbar's knowledge based both on Foltz' statement and the close temporal proximity between Foltz' meeting with Dr. Babbar and the beginning of Dr. Babbar's retaliation against Plaintiff[.]." (Doc. #16, p. 7.)

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. #8) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2022