# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

DAWN MCPHEETERS,          )
         )
         Plaintiff,       )
         )
v.          )       Case No. 4:22-cv-000207-SRB
         )
THE CHILDREN'S MERCY HOSPITAL,     )
         )
         Defendant.     )

## <u>ANSWER AND DEFENSES</u>

Defendant The Children's Mercy Hospital ("CMH" or "Defendant") provides the following Answer and Defenses to Plaintiff's Amended Complaint.

## INTRODUCTION

1. This is an action for damages and other relief on behalf of Plaintiff Dawn McPheeters, a former employee of Children's Mercy.

> **ANSWER: CMH admits the Amended Complaint purports to assert causes of action for damages and other relief on behalf of Plaintiff Dawn McPheeters. CMH further admits that Plaintiff is a former employee of CMH. CMH denies all remaining allegations in Paragraph 1.**

2. Beginning in the summer of 2020, Plaintiff a registered nurse and nurse practitioner, suffered retaliatory blowback after reporting her legitimate concern that one of her supervising physicians was engaged in fraudulent and unlawful billing practices and endangering patient safety, in violation of both Federal and Missouri law. See Counts I and II, for retaliation in violation of the Federal False Claims Act and the Missouri Whistleblower Protection Act.

> **ANSWER: CMH denies the allegations in Paragraph 2.**

3. Over the course of several months, Defendant's retaliation became so outrageous that Plaintiff developed severe anxiety, stress, and depression, and was ultimately forced to take a period of leave from work to manage her condition under care of a physician.

**ANSWER:** **CMH denies the allegations in Paragraph 3.**

4.      When Plaintiff returned to work, she requested, among other things, that she be allowed to work from home one day per week, just as several other employees in her position were permitted to do. Defendant effectively made it impossible for her to return, denying Plaintiff's requested accommodation without justification and only offering her the "opportunity" to work a reduced schedule with reduced pay instead. See Counts III and IV, disability discrimination and failure to accommodate under the Americans with Disabilities Act and the Missouri Human Rights Act.

**ANSWER:** **CMH denies the allegations in Paragraph 4.**

**PARTIES, JURISDICTION, AND VENUE**

5.      Plaintiff is a resident of the State of Missouri and a former employee of Children's Mercy.

**ANSWER:** **CMH admits that Plaintiff is a former employee of CMH. CMH is without sufficient information to admit or deny Plaintiff's residence as set forth in Paragraph 5 and therefore denies the same.**

6.      Defendant is a nonprofit corporation organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri.

**ANSWER:** **CMH admits the allegations in Paragraph 6.**

7.      This Court has subject matter jurisdiction over this action, which includes claims brought under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., pursuant to 28 U.S.C. § 1331.

**ANSWER:** **Paragraph 7 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 7.**

8.      This Court has supplemental subject matter jurisdiction over Plaintiff's claims brought under the Missouri Whistleblower Protection Act, R.S. Mo. § 285.575, and the Missouri

Human Rights Act, R.S. Mo. § 213.010, et seq., pursuant to 28 U.S.C. § 1367, because her Missouri claims are so related to those claims within the Court's original jurisdiction that they form part of the same case or controversy.

>**ANSWER:** **Paragraph 8 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 8.**

9.     This Court has personal jurisdiction over Defendant because it conducts business within the State of Missouri, and pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process and provides that an action under the False Claims Act "may be brought in any judicial district in which the defendant…can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."

>**ANSWER:** **Paragraph 9 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 9.**

10.     This action properly lies in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district. Venue in the Western District of Missouri is also authorized pursuant to 31 U.S.C. § 3730(h)(2).

>**ANSWER:** **Paragraph 10 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 10.**

## BACKGROUND FACTS

11.     At all times relevant to this Complaint, Plaintiff was employed by Children's Mercy as a Registered Nurse and Nurse Practitioner in the Fetal Health Center.

>**ANSWER:** **CMH admits that it employed Plaintiff as a Perinatal Transport Staff Nurse from on or about December 3, 2018, to on or about August 31, 2019. CMH further admits that it employed Plaintiff as an Advanced Practice Registered Nurse from on or about September 1, 2019, to on or about August 7, 2021. CMH further admits at all times during Plaintiff's employment with CMH, she worked in CMH's Fetal Health Center. CMH denies all remaining allegations in Paragraph 11.**

12. In June 2020, Plaintiff learned that one of the physicians in her department, Dr. Shilpa Babbar was engaged in unlawful and fraudulent billing practices.

**ANSWER:** **CMH denies the allegations in Paragraph 12.**

13. Specifically, Dr. Babbar billed work that Plaintiff had performed as if she (Dr. Babbar) had actually performed the work.

**ANSWER:** **CMH denies the allegations in Paragraph 13.**

14. Defendant billed work performed by Dr. Babbar at a higher rate than work performed by Plaintiff.

**ANSWER:** **CMH denies the allegations in Paragraph 14.**

15. Consequently, Dr. Babbar's billing practice caused Defendant to overbill patients and their insurers for certain services that were in fact performed by Plaintiff.

**ANSWER:** **CMH denies the allegations in Paragraph 15.**

16. On information and belief, some portion of the unlawfully overbilled work was billed to federal government programs, including Medicaid (Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396v) and the Children's Health Insurance Program (42 U.S.C. §§ 1397aa-1397mm) ("CHIP").

**ANSWER:** **CMH denies the allegations in Paragraph 16.**

17. Plaintiff was concerned about Dr. Babbar's unlawful billing practice.

**ANSWER:** **CMH denies the allegations in Paragraph 17.**

18. Plaintiff also witnessed Dr. Babbar refuse to see medically complex patients and delegate tasks to subordinates, including Plaintiff, that were outside those subordinates' respective scopes of practice.

**ANSWER:** **CMH denies the allegations in Paragraph 18.**

19.     For example, Dr. Babbar refused to see a pregnant patient with a choroid plexus cyst (a cyst in the brain), and a patient with an echogenic focus (a spot on a fetal heart), instead delegating those tasks to Plaintiff.

**ANSWER:     CMH denies the allegations in Paragraph 19.**

20.     Additionally, Dr. Babbar instructed Plaintiff to manager (sic) insulin levels in at least one pregnant patient who had Type 1 Diabetes, which was something that Plaintiff understood to be outside the scope of her license.

**ANSWER:     CMH denies the allegations in Paragraph 20.**

21.     Plaintiff knew that treatment and counseling of patients with such conditions were outside her scope of practice, and for the health and safety of the patient, she believed that such patients should be managed by a specialist such as Dr. Babbar.

**ANSWER:     CMH is without sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies the same. CMH further denies that Dr. Babbar engaged in any unlawful conduct.**

22.     Plaintiff's concerns regarding patient safety are reflected in both state and federal regulation of hospitals such as Children's Mercy, including 19 C.S.R. § 30-20.013, which incorporates Medicare Conditions of Participation as licensing requirements for Missouri hospitals, and 42 C.F.R. § 482.13(c), which gives patients the right to receive care in a safe setting as a condition of hospital participation in Medicare.

**ANSWER:     CMH is without sufficient information to admit or deny the allegations in Paragraph 22 and therefore denies the same. Moreover, Paragraph 22 contains legal conclusions that do not require a response. To the extent a response is required, CMH denies Paragraph 22. CMH further denies that it engaged in any unlawful conduct, including any unlawful conduct under the False Claims Act (FCA) and/or Missouri Whistleblower's Protection Act (WPA).**

23.     Plaintiff reported Dr. Babbar's unlawful billing practices and unsafe patient care practices to Melanie Foltz, the Director of the Fetal Health Center at Children's Mercy.

**ANSWER:** CMH denies the allegations in Paragraph 23.

24. Foltz did nothing to address Plaintiff's concerns.

**ANSWER:** CMH denies the allegations in Paragraph 24.

25. Following Foltz' inaction, Plaintiff reported her concerns to Raimonda King, the Administrative Director of the Birth Center & Children's Services at AdventHealth Shawnee Mission, who oversaw the facility where Plaintiff worked on a contract basis for Children's Mercy.

> **ANSWER:** **CMH admits that upon information and belief, Raimonda King is employed as the Administrative Director of The Birth Center & Children's Services by AdventHealth Shawnee Mission. CMH further admits Plaintiff physically worked at Advent Health Shawnee Mission, where CMH provided maternal and fetal medicine services through CMH employees, including physicians, nurse practitioners, and sonographers pursuant to a contract. CMH denies the remaining allegations in Paragraph 25.**

26. King recognized the seriousness of Plaintiff's complaints, and engaged Dr. Timothy Bennett, Plaintiff's collaborating physician and the Medical Director of the Fetal Health Center at Children's Mercy, on the issue.

> **ANSWER:** **CMH admits Dr. Timothy Bennett serves as the Medical Director of CMH's Fetal Health Center and was Plaintiff's collaborating physician. CMH denies the remaining allegations in Paragraph 26.**

27. At a meeting in early July 2020, Foltz raised Plaintiff's concerns with Dr. Babbar.

**ANSWER:** CMH denies the allegations in Paragraph 27.

28. Following this meeting, Foltz told Plaintiff that she had tried to keep Plaintiff's name out of the conversation, but that Dr. Babbar likely knew that Plaintiff was the one who complained.

**ANSWER:** CMH denies the allegations in Paragraph 28.

29. Almost immediately after this July 2020 meeting, Dr. Babbar began retaliating against Plaintiff.

**ANSWER:** **CMH denies the allegations in Paragraph 29.**

30. Specifically, Dr. Babbar repeatedly and inexcusably denied Plaintiff administrative time to complete her notes and other reports.

**ANSWER:** **CMH denies the allegations in Paragraph 30.**

31. Additionally, Dr. Babbar unjustifiably disparaged Plaintiff's qualifications for a leadership committee.

**ANSWER:** **CMH denies the allegations in Paragraph 31.**

32. Plaintiff reported Dr. Babbar's retaliatory actions to Foltz.

**ANSWER:** **CMH admits Plaintiff reported alleged retaliation by Dr. Babbar to Melanie Foltz. CMH denies all remaining allegations in Paragraph 32.**

33. Foltz scheduled meetings with both Plaintiff and Dr. Babbar for the express purpose of addressing Plaintiff's concerns with the retaliation, but Dr. Babbar refused to attend those meetings.

**ANSWER:** **CMH denies the allegations in Paragraph 33.**

34. Dr. Babbar's ongoing retaliation, and Children's Mercy's failure to take meaningful action to protect Plaintiff from that retaliation, caused Plaintiff's to develop increasing levels of anxiety and depression.

**ANSWER:** **CMH denies the allegations in Paragraph 34.**

35. In March 2021, Plaintiff applied for and took 12 weeks of leave under the Family Medical Leave Act ("FMLA") to address and manage her stress, anxiety, and depression.

**ANSWER:** **CMH admits that Plaintiff applied for and CMH granted Plaintiff FMLA leave, starting March 17, 2021, until Plaintiff had exhausted all available leave under the FMLA. CMH is without sufficient information to admit or deny the remaining allegations in Paragraph 35 and therefore denies the same.**

36.     When Plaintiff returned to work, she requested that she be permitted to work from home one day per week to complete her administrative time, that her contact with Dr. Babbar be limited, and that she be permitted time off when needed to attend therapist appointments.

**ANSWER:    CMH denies the allegations in Paragraph 36.**

37.     Defendant responded that Plaintiff could not complete her administrative time at home, but that her schedule could be shortened to four days per week, and that she could complete her administrative time in the office for two hours each day.

**ANSWER:    CMH denies the allegations in Paragraph 37.**

38.     Defendant denied Plaintiff's requests to limit her direct work with Dr. Babbar and to grant her time off for therapy appointments.

**ANSWER:    CMH denies the allegations in Paragraph 38.**

39.     Plaintiff viewed Defendant's proposed accommodation as unreasonable because a a reduced schedule would have been accompanied by a reduction in pay.

**ANSWER:    CMH is without sufficient information to admit or deny the allegations in Paragraph 39 and therefore denies the same.**

40.     Defendant allows many other employees to complete their administrative time at home.

**ANSWER:    CMH denies the allegations in Paragraph 40.**

41.     Prior to her complaints about Dr. Babbar and her need for an accommodation, Plaintiff herself had been allowed to complete her administrative time at home.

**ANSWER:    CMH denies the allegations in Paragraph 41.**

42.     Defendant never explained to Plaintiff why it would not accommodate her through a procedure that was already permitted for other employees, and had previously been permitted for her.

**ANSWER:    CMH denies the allegations in Paragraph 42.**

43.    Based on Defendant's failure to adequately accommodate her disability or to protect her from Dr. Babbar's ongoing retaliation, Plaintiff was forced to resign her position.

**ANSWER:    CMH denies the allegations in Paragraph 43.**

44.    ***Exhaustion of Administrative Remedies.*** On or about September 14, 2021, Plaintiff concurrently filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"), outlining her claims of disability discrimination and retaliation.

> **ANSWER:    CMH  admits that Plaintiff dual-filed a Charge of Discrimination with the EEOC and MCHR, received by the EEOC on September 14, 2021, alleging disability discrimination and retaliation. CMH denies all allegations of discrimination and retaliation set forth in Plaintiff's Charge of Discrimination. CMH denies all remaining allegations in Paragraph 44.**

45.    On December 29, 2021, the EEOC issued Plaintiff a Notice of Right to Sue.

> **ANSWER:    CMH admits the allegations in Paragraph 45. CMH denies all allegations of discrimination and retaliation set forth in Plaintiff's Charge of Discrimination.**

46.    On March 29, 2022, the MCHR issued Plaintiff a Notice of Right to Sue.

> **ANSWER:    CMH admits the allegations in Paragraph 46. CMH denies all allegations of discrimination and retaliation set forth in Plaintiff's Charge of Discrimination.**

## COUNT I – RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT

47.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

> **ANSWER:    CMH incorporates herein by reference its answers to the preceding paragraphs as though fully set forth herein.**

48.    Dr. Babbar's practice of submitting bills to Medicaid and/or CHIP for work performed by Plaintiff as if they were performed by Dr. Babbar herself violates the False Claims

Act, in that Dr. Babbar knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a).

> **ANSWER:** **CMH denies the allegations in Paragraph 48.**

49.     Plaintiff, as an employee of Defendant Children's Mercy who worked closely with Dr. Babbar, was aware of Dr. Babbar's unlawful and fraudulent conduct in submitting false claims for reimbursement to healthcare programs such as Medicaid and CHIP, or had a reasonable belief that Dr. Babbar was engaged in such unlawful and fraudulent conduct, as described more fully above.

> **ANSWER:** **CMH denies the allegations in Paragraph 49.**

50.     Defendant is vicariously liable for the actions of its employees and agents, including Dr. Babbar.

> **ANSWER:** **Paragraph 50 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies Paragraph 50.**

51.     Plaintiff engaged in lawful, protected conduct when she reported Defendant's unlawful billing practice to Foltz and King.

> **ANSWER:** **CMH denies the allegations in Paragraph 51.**

52.     Defendant and its agents, including Dr. Babbar, knew about Plaintiff's report.

> **ANSWER:** **CMH denies the allegations in Paragraph 52.**

53.     Immediately after Dr. Babbar learned of Plaintiff's protected activity, she began retaliating against Plaintiff by denying her administrative time and disparaging her qualifications for a leadership committee.

> **ANSWER:** **CMH denies the allegations in Paragraph 53.**

54.     Dr. Babbar's retaliatory hostility caused Plaintiff to develop increasing anxiety, stress, and depression, ultimately causing her to need to take medically recommended leave.

**ANSWER:   CMH denies the allegations in Paragraph 54.**

55.     Following Plaintiff's return from leave, Defendant denied Plaintiff's request for a reasonable accommodation, as set out above.

**ANSWER:   CMH denies the allegations in Paragraph 55.**

56.     The timing and circumstances of Dr. Babbar's hostile and retaliatory actions, as well as the denial of a reasonable accommodation, create an inference that Defendant's action in this regard was motivated solely by Plaintiff's report.

**ANSWER:   CMH denies the allegations in Paragraph 56.**

57.     Defendant constructively discharged Plaintiff through its retaliatory actions, creating such a hostile work environment that no reasonable person could have been expected to remain in Plaintiff's position.

**ANSWER:   CMH denies the allegations in Paragraph 57.**

58.     As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

**ANSWER:   CMH denies the allegations in Paragraph 58.**

59.     As a further direct and proximate result of Defendant's actions, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related non-economic damages for which she is entitled to recovery from Defendant as damages.

**ANSWER:   CMH denies the allegations in Paragraph 59.**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Children's Mercy in the maximum amount allowed to her pursuant to 20 U.S.C. § 3730(h)(2), including reinstatement with the same seniority status that Plaintiff would have had but for the retaliation, two (2) times the amount of her back pay, an amount fair and reasonable to compensate her for her emotional distress, her reasonable attorneys' fees and costs incurred herein,

for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

>**ANSWER:** **CMH denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.**

## COUNT II – MISSOURI WHISTLEBLOWER PROTECTION ACT

60. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

>**ANSWER:** **CMH incorporates herein by reference its answers to the preceding paragraphs as though fully set forth herein.**

61. Dr. Babbar's practice of billing work Plaintiff performed as if that work had been done by Dr. Babbar constitutes serious misconduct in violation of the clear mandate of the public policy set out in the False Claims Act.

>**ANSWER:** **CMH denies the allegations in Paragraph 61.**

62. At the time she reported Dr. Babbar's unlawful activity to Foltz and King, Plaintiff was a protected person under the Missouri Whistleblower Protection Act, R.S. Mo. § 285.575.2(4).

>**ANSWER:** **CMH denies the allegations in Paragraph 62.**

63. Defendant constructively discharged Plaintiff from her employment by retaliating against her as set out above, making her working conditions so intolerable to a reasonable person that she was forced to resign.

>**ANSWER:** **CMH denies the allegations in Paragraph 63.**

64. On information and belief, Defendant intended for its retaliatory actions to cause Plaintiff's resignation.

>**ANSWER:** **CMH denies the allegations in Paragraph 64.**

65. Defendant did or should have reasonably foreseen that its retaliatory actions would cause Plaintiff's resignation.

>**ANSWER:** **CMH denies the allegations in Paragraph 65.**

66.     The timing and circumstances of Plaintiff's constructive discharge create an inference that Defendant's retaliatory actions were motivated by a purpose to retaliate against Plaintiff for her report.

**ANSWER:    CMH denies the allegations in Paragraph 66.**

67.     Defendant's unlawful retaliatory acts have harmed Plaintiff in a number of ways compensable by the Missouri Whistleblower Protection Act, such that she is entitled to an award of back pay, reasonable attorneys' fees, costs and expenses.

**ANSWER:    CMH denies the allegations in Paragraph 67.**

68.     Defendant's retaliatory acts and constructive discharge of Plaintiff's employment were outrageous due to Defendant's evil motive or reckless indifference to the protected rights of Plaintiff, such that Plaintiff should be awarded liquidated damages in an amount equal to double any award of back pay.

**ANSWER:    CMH denies the allegations in Paragraph 68.**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Children's Mercy in the maximum amount allowed to her pursuant to R.S. Mo. § 285.575, including back pay, liquidated damages in an amount equal to double any award of back pay, attorneys' fees, costs, and expenses, and such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER:    CMH denies Plaintiff is entitled to any of the relief sought in this
             WHEREFORE paragraph.**

## COUNT III – ADA FAILURE TO ACCOMMODATE

69.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**ANSWER:    CMH incorporates herein by reference its answers to the preceding
             paragraphs as though fully set forth herein.**

70.     Plaintiff is a qualified individual with a disability under the ADA, in that she met the legitimate skill, experience, education, and other requirements of her position with Children's Mercy and could perform the essential functions of her position with a reasonable accommodation.

**ANSWER:     CMH denies the allegations in Paragraph 70.**

71.     Children's Mercy is a covered employer under the ADA.

**ANSWER:     Paragraph 71 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 71.**

72.     Plaintiff requested an accommodation of allowing her to complete her administrative time at home one day per week, limiting her contact with Dr. Babbar, and permitting her time off as needed to attend therapist appointments.

**ANSWER:     CMH denies the allegations in Paragraph 72.**

73.     Defendant denied Plaintiff's requests to limit her contact with Dr. Babbar or to permit her time off to attend therapist appointments.

**ANSWER:     CMH denies the allegations in Paragraph 73.**

74.     Defendant rejected Plaintiff's requested accommodation of allowing her to continue working full-time while completing her administrative time at home one day per week.

**ANSWER:     CMH denies the allegations in Paragraph 74.**

75.     As an alternative accommodation, Defendant offered Plaintiff the ability to work a reduced schedule, with reduced pay, but to complete her administrative time at the hospital.

**ANSWER:     CMH denies the allegations in Paragraph 75.**

76.     Defendant failed to engage in the interactive process as required by the ADA, in that it failed to provide Plaintiff with a reasonable accommodation for her disability or to explain why her requested accommodation would be unreasonable, even as other employees were permitted to complete administrative time at home.

**ANSWER: CMH denies the allegations in Paragraph 76.**

77.     Defendant failure to accommodate Plaintiff's disability and to engage in the interactive process with her to find a reasonable accommodation is a violation of the ADA, such that Plaintiff is entitled to an award of back pay and benefits, compensatory damages, front pay and benefits, attorneys' fees, costs, and expenses.

**ANSWER: CMH denies the allegations in Paragraph 77.**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Children's Mercy on Count III of her Complaint, and issue her an award of back pay and benefits, compensatory damages, front pay and benefits, attorneys' fees, costs, and expenses incurred in bringing her claim, and such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER:     CMH denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.**

## COUNT IV – DISABILITY DISCRIMINATION (MHRA)

78.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**ANSWER:     CMH incorporates herein by reference its answers to the preceding paragraphs as though fully set forth herein.**

79.     At the time she requested an accommodation, Plaintiff was disabled under the MHRA in that she had anxiety and depression that substantially limited a major life activity, but with which she could perform her job with a reasonable accommodation.

**ANSWER: CMH denies the allegations in Paragraph 79.**

80.     Defendant is a covered employer under the MHRA.

**ANSWER:     Paragraph 80 contains legal conclusions that do not require a response. To the extent that a response is required, CMH denies the allegations in Paragraph 80.**

81.     Plaintiff requested an accommodation of allowing her to complete her administrative time at home one day per week, limiting her contact with Dr. Babbar, and permitting her time off as needed to attend therapist appointments.

**ANSWER:     CMH denies the allegations in Paragraph 81.**

82.     Defendant denied Plaintiff's requests to limit her contact with Dr. Babbar or to permit her time off to attend therapist appointments.

**ANSWER:     CMH denies the allegations in Paragraph 82.**

83.     Defendant rejected Plaintiff's requested accommodation of allowing her to continue working full-time while completing her administrative time at home one day per week.

**ANSWER:     CMH denies the allegations in Paragraph 83.**

84.     As an alternative accommodation, Defendant offered Plaintiff the ability to work a reduced schedule, with reduced pay, but to complete her administrative time at the hospital.

**ANSWER:     CMH denies the allegations in Paragraph 84.**

85.     Defendant failed to engage in the interactive process as required by the MHRA, in that it failed to provide Plaintiff with a reasonable accommodation for her disability or to explain why her requested accommodation would be unreasonable, even as other employees were permitted to complete administrative time at home.

**ANSWER:     CMH denies the allegations in Paragraph 85.**

86.     Defendant's failure to accommodate Plaintiff's disability and to engage in the interactive process with her to find a reasonable accommodation is a violation of the MHRA, such that Plaintiff is entitled to an award of damages.

**ANSWER:     CMH denies the allegations in Paragraph 86.**

87.     Plaintiff was constructively discharged from her employment at Children's Mercy, as set out above.

**ANSWER: CMH denies the allegations in Paragraph 87.**

88.     Defendant's discriminatory and unlawful action has caused Plaintiff to suffer loss of wages and benefits, such that she is entitled to an award of back pay under the MHRA.

**ANSWER: CMH denies the allegations in Paragraph 88.**

89.     Defendant's discriminatory and unlawful conduct exacerbated Plaintiff's stress, anxiety, and depression, and caused her to suffer garden variety emotional distress, such that she is entitled to an award of compensatory damages.

**ANSWER: CMH denies the allegations in Paragraph 89.**

90.     Defendant's discriminatory conduct is a type that must be deterred and punished through an award of punitive damages.

**ANSWER: CMH denies the allegations in Paragraph 90.**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Children's Mercy on Count IV of her Complaint, and issue her an award of back pay and benefits, compensatory damages, punitive damages, front pay and benefits, attorneys' fees, costs, and expenses incurred in bringing her claim, and such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: CMH denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.**

## GENERAL DENIAL

CMH denies all allegations and contentions contained within the Amended Complaint which are not specifically admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to state a claim, upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or regulatory filing periods.

5.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust any administrative prerequisites or other procedural conditions to the commencement of an action.

6.     To the extent that Plaintiff's claims raise matters occurring more than 300 days prior to the date on which Plaintiff allegedly filed a charge with the EEOC, or more than 180 days prior to the date on which Plaintiff allegedly filed a charge with the MCHR, the Court lacks jurisdiction with respect to any such matters.

7.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of any Charge of Discrimination and/or administrative complaint she timely filed, of which Defendant received proper notice and had an opportunity to respond.

8.     Plaintiff's claims are barred, in whole or in part, because at all times relevant to this action, the employment decisions at issue were made by Defendant for legitimate non-discriminatory and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, Defendant would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

9.     Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful discriminatory and/or

harassing conduct by promulgating and enforcing policies against discrimination, harassment, and retaliation, which Plaintiff received, read and understood, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities to avoid the alleged harm.

10.     Plaintiff's claims are barred, in whole or in part, because the Amended Complaint alleges conduct of nonsupervisory employees of which Defendant was not aware and should not have been aware.

11.     Plaintiff's claims are barred, in whole or in part, because the same supervisor who is accused of discrimination and/or retaliation hired and/or promoted Plaintiff.

12.     Defendant is an equal opportunity employer that does not discriminate against applicants or employees on any prohibited basis.

13.     Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendant followed and enforced its policies against unlawful discrimination, harassment, and retaliation in the workplace.

14.     Plaintiff's claims are barred, in whole or in part, because Defendant employed Plaintiff on an at-will basis and, therefore, can terminate her employment at any time with or without notice and with or without cause.

15.     Upon information and belief, Plaintiff has failed to mitigate her claimed damages, the existence of which damages Defendant specifically denies, by failing to exercise ordinary care and/or reasonable diligence to search for, obtain, and/or continue in employment and/or other remunerative work following the end of her employment.  As such, to the extent Plaintiff recovers any damages based on her claims against Defendant, the existence of which damages Defendant specifically denies, Defendant is entitled to a set-off or credit as a result of Plaintiff's failure to mitigate her claimed damages.

16.     Plaintiff's claims are barred, in whole or in part, because any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

17.     Plaintiff's FCA retaliation claim is barred because Plaintiff did not engage in conduct protected by the FCA. To the extent that Plaintiff allegedly engaged in conduct protected by the FCA, Defendant did not know Plaintiff engaged in protected activity, Defendant did not retaliate against her, and/or any alleged retaliation was not motivated solely by Plaitniff's alleged FCA protected activity.

18.     Plaintiff's WPA retaliation claim is barred because Plaintiff is not a protected person under the statute. To the extent that Plaintiff is a protected person under the statute, her alleged status as a protected person was not a motivating factor in any employment action made by Defendant.

19.     Plaintiff cannot maintain concurrent causes of action under the FCA and WPA.

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability.

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to perform the essential duties of her position, with or without a reasonable accommodation.

22.     Plaintiff's claims are barred, in whole or in part, because no reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

23.     Plaintiff's claims are barred, in whole or in part, because Defendant made a good faith effort to assist Plaintiff in seeking accommodations.

24.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in the interactive process and/or rejected a reasonable accommodation.

25.     Plaintiff's claims are barred, in whole or in part, because any accommodation plaintiff requested was unreasonable and/or would have constituted an undue hardship on the operation of Defendant's business and/or Plaintiff's condition posed a significant risk of substantial harm to the health or safety of the Plaintiff or others that could not be eliminated or reduced by a reasonable accommodation.

26.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged disability was not a motivating factor in any employment decision by Defendant.

27.     Defendant's actions with respect to Plaintiff were non-discriminatory, non-pretextual, and non-retaliatory; were based on legitimate reasons and carried out in good faith and exercise of Defendant's reasonable business judgment; were not based on Plaintiff's purported disability, and/or any alleged protected activity by Plaintiff; and were carried out, or would have been carried out, regardless of any protected status and/or activity.

28.      Plaintiff's claims are barred, in whole or in part, because Plaintiff voluntarily resigned from employment. Alternatively, Plaintiff was not constructively discharged as Defendant did not deliberately ender Plaitniff's workign conditions so intolerable that Plaintiff was forced to resign.

29.     Defendant denies Plaintiff experienced adverse employment action based upon the conduct of Defendant.

30.     Any alleged conduct of which Defendant was reasonably on notice resulted in prompt, appropriate remedial action by Defendant.

31.     Plaintiff's claim for punitive damages violates Mo. Rev. Stat. § 510.264, is improper, and should therefore be stricken.

32.     Any claim for punitive damages and/or liquidated damages must be proven by clear and convincing evidence. Plaintiff has not set forth facts sufficient to state a claim under any law for punitive damages.

33.     Plaintiff is not entitled to recover any liquidated, exemplary, or punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any law for such damages, including because Defendant adopted policies and practices in support of its non-discrimination/anti-harassment obligations and in good faith attempted to comply with those obligations, and because any employee(s) of Defendant who engaged in the conduct alleged, the existence of which conduct Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

34.     Any prayer by Plaintiff for punitive damages violates the 8th and 14th Amendments to the United States Constitution and violates the Missouri State Constitution.

35.     Plaintiff is barred from recovering damages exceeding the limits set forth by Section 213.111, RSMo (2017).

36.     Defendant denies any of its employees or agents acting within the course and scope of their relationship with Defendant caused any harm, injury, or damage to Plaintiff.

37.     Plaintiff's alleged injuries or damages, the existence of which Defendant specifically denies, were due to and proximately caused, in whole or in part, by an intervening, superseding, or other cause and not the alleged conduct of Defendant, the occurrence of which conduct Defendant specifically denies.

38.     Any alleged harm Plaintiff experienced, the existence of which harm Defendant specifically denies, was not reasonably foreseeable.

39. Any and all common law claims Plaintiff is asserting are preempted by the MHRA and WPA.

40. Defendant reserves the right to assert additional defenses as they become evident through discovery or investigation, including but not limited to the defense of after-acquired evidence.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant requests this Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs, attorney's fees, and any additional relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Rachel S. Kim*
Julianne P. Story   MO Bar No. 42295
Rachel S. Kim    MO Bar No. 71037
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
julianne.story@huschblackwell.com
rachel.kim@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 22nd day of June 2021 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

*/s/ Rachel S. Kim*
**Attorney for Defendant**